UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | |
|---|---|
| ANTHONY R. LUNA, ET AL. | CIVIL ACTION NO. 16-1099 |
| VERSUS | JUDGE ROBERT G. JAMES |
| PNK LAKE CHARLES, LLC, ET AL. | MAG. JUDGE KATHLEEN KAY |

RULING

This is a custodial liability case in which the Plaintiffs, Anthony and Dana Luna, both individually and on behalf of their minor children (the "Lunas"), allege that Anthony Luna ("Anthony") was injured when the front left wheel of the wheelchair he was provided with by the Defendant, PNK Lake Charles LLC d/b/a L'Auberge Lake Charles ("PNK" or "the casino") collapsed. Pending before the Court is a Motion for Summary Judgment filed by the Defendants, PNK and Zurich American Insurance Co. ("Zurich") (collectively "Defendants"). [Doc. No. 23]. The Plaintiffs filed a response in opposition to the Motion for Summary Judgment. [Doc. No. 25]. For the following reasons, the Motion for Summary Judgment is **GRANTED.**

**I.    Facts & Procedural History**

In July 2015, the Lunas were guests at PNK's casino hotel. [Doc. No. 23-4, pp. 28-29]. Anthony had recently had knee surgery which limited his mobility, and PNK provided him with a wheelchair while he was at the casino. [Doc. No. 23-4, pp. 29-31]. On July 3, after returning to the casino from visiting friends, a PNK employee brought Anthony a wheelchair, and one of his children began wheeling him to the Lunas' hotel room. [Doc. No. 23-4, pp. 36-37]. When Anthony sat down in the wheelchair, he did not immediately notice anything wrong with it, but after his son began pushing, the chair suddenly stopped and jammed Anthony's heel into the ground. [Doc. No. 23-4,

pp. 37-39]. Anthony stood up, looked at the wheelchair, and found nothing out of place. [Doc. No. 23-4, p. 39]. Anthony sat back down in wheelchair, and the wheelchair abruptly stopped again, jamming his foot into the ground. [Doc. No. 23-4, p. 39]. After the second stop, Anthony noticed that the front left wheel of the chair had "broke in half, [and] folded up beneath. – under itself." [Doc. No. 23-4, p. 40]. As a result of the incident, Anthony allegedly suffered further injury and recovery complications from the original surgery. [Doc. No. 23-4, pp. 42-46].

The Lunas filed suit in state court alleging that PNK, Zurich, and Keith Henson were liable for their damages pursuant to Louisiana Civil Code articles 2315 and 2317 for negligently providing Anthony with a defective wheelchair. [Doc. No. 1-3]. The Lunas' complaint also alleges that Defendants could be found liable under the doctrine of *res ipsa loquitur*. [Doc. No. 1-3]. Defendants removed the action to this Court. [Doc. No. 1]. As part of the Judgment denying a Motion to Remand, the Lunas' claims against Henson were dismissed without prejudice, leaving only the claims against PNK and Zurich, in Zurich's capacity as PNK's insurer. [Doc. No. 16].

On June 7, 2017, Defendants filed the instant Motion for Summary Judgment [Doc. No. 23], arguing that they are entitled to judgment as a matter law because no evidence shows that they knew or should have known of the risk posed by the wheelchair. On June 28, 2017, the Lunas filed a Memorandum in Opposition [Doc. No. 25], arguing that the evidence presented a genuine issue of material fact whether PNK knew or should have known about the wheelchair's defect.

**II.      Law & Analysis**

     **A.      Standard of Review**

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P.

2

56(a). A fact is "material" if its existence or nonexistence "might affect the outcome of the suit under governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Stewart v. Murphy*, 174 F.3d 530, 533 (5th Cir. 1999). As to issues which the plaintiff has the burden of proof at trial, the moving party may satisfy this burden by demonstrating the absence of evidence supporting the plaintiff's claim. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986)). Once the defendant makes this showing, the burden shifts to the plaintiff to set forth specific facts showing that there is a genuine issue for trial. *Id.*

    This burden requires more than mere allegations or denials. To establish that there is a genuine issue of material fact for trial, the plaintiff "must support the assertion by…citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." FED. R. CIV. P. 56(c)(1)(A); *see Celotex Corp.*, 477 U.S. at 324. In the absence of proof, the Court will not "assume that the nonmoving party could or would prove the necessary facts." *Little*, 37 F.3d at 1075 (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990)) (emphasis removed). There is no genuine issue of material fact if, viewing the evidence in the light most favorable to the plaintiff, no reasonable trier of fact could find for the plaintiff. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

B. **Custodial Liability**

The Lunas allege that Defendants are liable based on a theory of custodial liability pursuant to Louisiana Civil Code articles 2315, 2317, and 2317.1. The Lunas assert that PNK knew or should have known that the wheelchair, which was under their ownership and control, was defective, and its defect caused Anthony's injuries. [Doc. No. 1-3]. In the current motion, Defendants assert that no evidence suggests PNK knew or should have known about an alleged defect in the chair. [Doc. No. 23].

Under Louisiana law, the owner or custodian of a thing has a duty to use reasonable care to prevent others from being injured by a defect in the thing. LA. CIV. CODE 2315, 2317, and 2317.1. Article 2315 gives the basis for general tort liability; article 2317 gives the basis of general custodial liability, and article 2317.1[1] specifically addresses liability for damage caused by a defective thing. For the Lunas to prevail on their custodial liability claims, they must establish (1) the wheelchair was in PNK's custody; (2) the wheelchair had a vice or defect which presented an unreasonable risk of harm; (3) the defect in the wheelchair caused their damages; and (4) PNK knew or should have known about the wheelchair's defect. *See Cormier v. Dolgencorp, Inc.*, 136 F. App'x 627, 627–28 (5th Cir. 2005) (citing La. Civ. Code arts. 2317, 2317.1).

---

[1] Louisiana Civil Code article 2317.1 provides:

> The owner or custodian of a thing is answerable for damage occasioned by its ruin, vice, or defect, only upon a showing that he knew or, in the exercise of reasonable care, should have known of the ruin, vice, or defect which caused the damage, that the damage could have been prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care. Nothing in this Article shall preclude the court from the application of the doctrine of *res ipsa loquitur* in an appropriate case.

4

### 1. Actual or Constructive Knowledge

Defendants argue that the Lunas' custodial liability claims fail as a matter of law because the evidence does not show that PNK knew or should have known about an alleged defect in the wheelchair. [Doc. No. 23-1, p. 9]. The Lunas have the burden of establishing actual or constructive knowledge. *See Wells v. Town of Delhi*, 51, 222 (La. App. 2 Cir. 4/5/17), 216 So. 3d 1095, 1099. For the Lunas to establish that PNK had constructive knowledge, the Lunas "must produce facts demonstrating the defect existed for a sufficient period of time and should have been discovered and repaired if the [defendant] had exercised reasonable diligence." *Wells*, 51, 222, 216 So. 3d at 1099 (citation omitted). "[T]he question of whether a custodian or owner of a thing has constructive knowledge of a defect in that thing is inextricably linked with the exercise of reasonable care. *Dawson v. Rocktenn Servs., Inc.*, 674 F. App'x 335, 340 (5th Cir. 2016) (citing *Walters v. City of West Monroe*, 49-502, p. 9 (La. App. 2 Cir. 2/4/15) 162 So.3d 419, 424).

To demonstrate reasonable care, the owner or custodian of a thing must (1) "take reasonable steps to discover defects in the thing that create an unreasonable risk of harm" and (2) "take reasonable steps to protect against injurious consequences resulting from defects in the thing that create an unreasonable risk of harm." *Id.* (citations omitted). "When an owner or custodian of a thing fails to exercise reasonable care to discover a defect in that thing, Louisiana law imputes the owner or custodian with knowledge of the defect if the defect is of such a character or has existed for such a period of time that a reasonable custodian or owner would have discovered it." *Id.* (citing *Dufrene v. Gautreau Family, LLC*, 07-467, p. 16 (La. App. 5 Cir. 2/22/08), 980 So. 2d 68, 80). Accordingly, unless the Lunas provide evidence that PNK could have discovered the defect by inspecting the wheelchair, a failure to inspect the chair, by itself, is insufficient to establish that PNK had

constructive knowledge. *See Walters*, 49-502, p. 9, 162 So.3d at 424. Without evidence that PNK had actual or constructive knowledge, summary judgment is appropriate. *See Dawson v. Rocktenn Servs., Inc.*, 674 F. App'x 335, 339 (5th Cir. 2016).

In the present case, Defendants have provided evidence that PNK had no actual knowledge of any alleged defect, [Doc. No. 23-5, p.6] and the Lunas have not provided evidence to suggest otherwise. Defendants have also provided evidence that PNK had no constructive notice of a defect because no other wheelchairs had similar defects. [Doc. No. 23-5, p. 2]. The Lunas argue that PNK could be found to have constructive knowledge of a defect in the wheelchair because PNK failed to inspect the wheelchair before providing it to Anthony. [Doc. No. 23-5, p. 7-9]. To support this contention, the Lunas present evidence that PNK had no policy regarding wheelchair inspections at the time of the incident, that PNK began daily wheelchair inspections after the incident, and that after implementing a daily inspection, PNK has discovered various defects in wheelchairs. [Doc. Nos. 25-3, p. 1; 25-4]. However, the Lunas do not provide evidence that the alleged defect that caused the front left wheel to collapse could have been discovered by inspection or that the defect existed for a long enough period of time prior to the incident for PNK to notice it. Without providing evidence that PNK could have discovered the defect by inspecting the chair, the Lunas cannot meet their burden of showing constructive knowledge. *See Walters*, 49-502, p. 9, 162 So.3d at 424. Therefore, the Lunas have failed to establish through direct evidence that PNK had actual or constructive knowledge of a defect in the wheelchair.

In the alternative, the Lunas argue that their tort claims should survive without direct evidence of actual or constructive knowledge under the doctrine of *res ipsa loquitur*.

6

> *Res ipsa loquitur* is a rule of circumstantial evidence which allows a court to infer negligence on the part of the defendant if the facts indicate the defendant's negligence, more probably than not, caused the injury. . . . Application of the doctrine is defeated if an inference that the accident was due to a cause other than defendant's negligence could be drawn as reasonably as one that it was due to his negligence.

*Salvant v. State*, 935 So. 2d 646, 659 (La. 2006) (internal quotations and citations omitted). The doctrine of *res ipsa loquitur* does not shift the burden of proof from the plaintiff. *Riggs v. Opelousas Gen. Hosp. Trust Auth.*, 2008-591, p. 6 (La. App. 3 Cir. 11/5/08), 997 So. 2d 814, 818 (citing *Cangelosi v. Our Lady of the Lake Med. Ctr.*, 564 So. 2d 654, 665–66 (La. 1989)).The Lunas must still establish the elements of article 2317.1 by a preponderance of the evidence; "[t]he doctrine merely assists the plaintiff in presenting a *prima facie* case of negligence when direct evidence is not available." *Id.* (quoting *Cangelosi*, 564 So. 2d at 665–66).

Defendants argue that even if this doctrine established that the wheelchair was defective, it could not be used to establish that PNK had actual or constructive knowledge of the defect. [Doc. No. 23-1, p. 16]. Defendants contend that one of the reasonable inferences that could be drawn from the evidence is that when the chair was delivered to Anthony, it had a hidden defect that could not have been discovered even if PNK had inspected the chair. [Doc. No. 23-1, p. 16]. Such an inference would mean that PNK did not have constructive knowledge of the defect. *See Walters*, 49-502, p. 9, 162 So.3d at 424. In their response, the Lunas attempt to shift the burden of proof to Defendants, arguing that Defendants must present evidence that the defect was hidden. [Doc. No. 25, pp. 12-13]. However, *res ipsa loquitur* does not shift the burden of proof to Defendants. *See Riggs*, 2008-591, p. 6, 997 So. 2d at 818 (quoting *Cangelosi*, 564 So. 2d at 665–66). Because no evidence has been presented by the Lunas regarding the character of the defect or the period of time the defect existed, the inference that the defect was hidden is reasonable and just as likely as the inference that the

7

defect could have been detected through inspection. *See Salvant*, 935 So. 2d at 659. Therefore, the doctrine does not apply to this case, and it does not raise a genuine issue of material fact regarding PNK's actual or constructive knowledge of the defect. Without evidence that PNK knew or should have known about the alleged defect, LUNA's tort claims cannot survive.

### III.  Conclusion

For the reasons explained above, Defendants' Motion for Summary Judgment [Doc. No. 23] is GRANTED, and this matter is DISMISSED WITH PREJUDICE.

MONROE, LOUISIANA, this 3rd day of August, 2017.

*[signature]*

ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE